United States District Court
Southern District of Texas

**ENTERED**

April 26, 2024

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

WENDELL WAYNE HARRISON, §
TDCJ #2391491, §
§
        Petitioner, §
§
v. §
§    CIVIL ACTION NO. H-24-1423
§
BOBBY LUMPKIN, Director, §
Texas Department of Criminal §
Justice - Correctional §
Institutions Division, §
§
        Respondent. §

### MEMORANDUM OPINION AND ORDER

The court has received a Petition for a Writ of Habeas Corpus
By a Person in State Custody under 28 U.S.C. § 2254 ("Petition")
(Docket Entry No. 1) from Wendell Wayne Harrison (TDCJ #2391491),
who is incarcerated in the Texas Department of Criminal Justice -
Correctional Institutions Division ("TDCJ"). He challenges a
conviction entered against him in Montgomery County, Texas, for
possessing a firearm as a felon. He has also submitted a certified
copy of his inmate trust fund account statement, which is construed
as a request for leave to proceed in forma pauperis (Docket Entry
No. 2). After considering all of the pleadings as required by
Rule 4 of the Rules Governing Section 2254 Cases, the court will
dismiss this action without prejudice for the reasons explained
below.

## I.  Background

Court records show that Harrison was convicted in the United States District Court for the Eastern District of Texas of possession with intent to distribute cocaine base and using or carrying a firearm during the commission of a drug trafficking offense.  See United States v. Harrison, 55 F.3d 163, 164 (5th Cir. 1995) (affirming the conviction, which resulted in a sentence of 135 months' imprisonment on the drug offense and a 60-month consecutive term on the firearms count).  Subsequently, Harrison was convicted and sentenced to 10 years' probation for assault on a peace officer in Jefferson County Case No. 65657.  See Harrison v. State, No. 09-95-153 CR, 1996 WL 417489, at *1 (Tex. App. — Beaumont July 24, 1996, no pet.).

Invoking 28 U.S.C. § 2254, Harrison challenges a conviction entered against him on April 18, 2022, in the 359th District Court of Montgomery County, Texas, for unlawful possession of a firearm as a felon in Case No. 19-08-11334-CR.[1]  Harrison received a sentence of 10 years' imprisonment as a result of that conviction.[2] Harrison has filed an appeal from that conviction, which remains pending in state court before the Ninth Court of Appeals.[3]

---

[1]Petition, Docket Entry No. 1, pp. 2-3.  For purposes of identification all page numbers refer to the pagination imprinted at the top of each docket entry by the court's Electronic Case Filing ("ECF") system.

[2]Id. at 2.

[3]Id. at 3 (referencing Appeal No. 09-22-00152-CR).

In a federal habeas Petition that is dated April 15, 2024,[4] Harrison contends that he is entitled to relief from his 2022 conviction because he had a right to possess a firearm and did not violate the law.[5]  Harrison claims further that he was denied his right to due process and a speedy trial because of delays that were caused by the trial judge.[6]  He also contends that the trial court violated his rights by revoking his pretrial bond and that the arresting officer violated his rights under the Fourth Amendment.[7] Because it is evident that these claims have not yet been reviewed by the Texas Court of Criminal Appeals, Harrison's Petition is subject to dismissal for lack of exhaustion.

## II.  Discussion

A federal court may not grant habeas corpus relief under 28 U.S.C. § 2254 unless the petitioner "has exhausted the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement is satisfied when the substance of the federal habeas claims have been fairly presented to the highest state court.  See Fisher v. Texas, 169 F.3d 295, 302 (5th Cir. 1999).  To satisfy this requirement a Texas prisoner must raise his

---

[4] Id. at 10.

[5] Id. at 6.

[6] Id. at 7.

[7] Id. at 7, 15.

claims before the Texas Court of Criminal Appeals.  <u>See Richardson v. Procunier,</u> 762 F.2d 429, 431 (5th Cir. 1985) ("[T]he exhaustion doctrine requires that the Texas Court of Criminal Appeals be given an opportunity to review and rule upon the petitioner's claim before he resorts to the federal courts.").

A Texas criminal defendant may exhaust remedies by taking one of two paths to the Texas Court of Criminal Appeals.  The first path is a direct appeal from a judgment of conviction followed by a petition for discretionary review in the Texas Court of Criminal Appeals.  <u>See</u> Tex. R. App. P. 68.1.  The second path is an application for a post-conviction writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure filed in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary.  <u>See</u> Tex. Code Crim. Proc. art. 11.07 § 3(b)-(c).  "Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings." <u>Busby v. Dretke,</u> 359 F.3d 708, 723 (5th Cir. 2004).

The exhaustion requirement "is not jurisdictional, but reflects a policy of federal-state comity . . . designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." <u>Anderson v. Johnson,</u> 338 F.3d 382, 386 (5th Cir. 2003) (internal quotation marks and

citations omitted). "The exhaustion requirement is excused only in those 'rare cases where exceptional circumstances of peculiar urgency' mandate federal court interference." <u>Deters v. Collins</u>, 985 F.2d 789, 795 (5th Cir. 1993) (quoting <u>Ex Parte Hawk</u>, 64 S. Ct. 448, 450 (1944)). Exceptions exist only where there is "an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B).

As noted above, Harrison is currently pursuing an appeal from his conviction for unlawful possession of a firearm, but the appeal remains pending before an intermediate state court of appeals and has not yet been decided.[8]  Although Harrison appears to claim that exhaustion should be excused because his appeal has been pending for nearly two years,[9] he provides docket sheets showing that his appellate counsel requested and received at least four extensions of time to file an appellate brief.[10]  Harrison does not show that there has been inordinate delay that is "wholly and completely the fault of the state." <u>Deters</u>, 985 F.3d at 796. Because review remains available in state court and Harrison does not show that he

---

[8]Petition, Docket Entry No. 1, p. 3.

[9]<u>Id.</u>

[10]Docket Sheet to Case Number: 09-22-00152-CR, Exhibit to Petition, Docket Entry No. 1, p. 12 (reflecting that the appellant filed four motions for an extension of time to file a brief, while the state only filed two motions for additional time).

fits within a recognized exception to the exhaustion doctrine, the pending federal habeas Petition must be dismissed without prejudice. See Rose v. Lundy, 102 S. Ct. 1198, 1203 (1982) ("A rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error.").

### III.  Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.  A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000).  Where denial of relief is based on procedural grounds the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Id.  Because reasonable jurists would not debate that the peti-

-6-

tioner has not yet exhausted available state court remedies, a certificate of appealability will not issue.

### IV.   Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1.    The Petition for a Writ of Habeas Corpus By a Person in State Custody under 28 U.S.C. § 2254 filed by Wendell Wayne Harrison (Docket Entry No. 1) is **DISMISSED WITHOUT PREJUDICE** for lack of exhaustion.

2.    Harrison's request for leave to proceed _in forma pauperis_ (Docket Entry No. 2) is **GRANTED**.

3.    A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the petitioner.

**SIGNED** at Houston, Texas, on this the 26th day of April, 2024.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE